UNITED STATES *v.* TITAN SHIPPING CO., INC. (E. J. FAY) (No. 4237)[1]

United States Court of Customs and Patent Appeals, November 29, 1939

*Webster J. Oliver*, Assistant Attorney General (*Dorothy C. Bennett* and *Daniel I. Auster*, special attorneys, of counsel), for the United States.
*Jerome G. Clifford* (*George W. Israel* of counsel) for appellee.

[Oral argument October 10, 1939, by Mr. Auster and Mr. Israel]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Second Division, in reappraisements 101453–A, 111030–A to 111038–A, inclusive, 111040–A to 111055–A, inclusive, and 111071–A.

The merchandise involved consists of perfumery and other toilet

---

[1] C. A. D. 82.

preparations. It was exported from France during the period from June 12, 1929 to April 2, 1930, and entered at the port of New York.

In reappraisement 101453–A, the test case, the merchandise was entered at various unit values less 2 per centum discount for cash, plus packing, which unit values were in accordance with the invoice values.

The local appraiser advanced the entered values by adding 12 per centum to what he assumed to be the retail prices of the merchandise, his theory evidently being that the addition was necessary in order to include a French luxury tax levied on the involved and similar merchandise when sold in France.

It is conceded that the foreign values are the dutiable values of the merchandise, the appellee being the foreign manufacturer's exclusive agent in the United States.

In the other reappraisement appeals, 26 in number, the importer made "duress entries," in accordance with the provisions of section 489 of the Tariff Act of 1922, in order to meet advances made by the appraiser in reappraisement 101453–A.

It is conceded by counsel for appellee that the 12 per centum French luxury tax is an element to be included in the foreign values. Counsel contend, however, that the luxury tax is included in the invoice and entered values in the test case, and that it is also included in the invoice values in each of the other reappraisement appeals.

On the trial before the trial court, counsel for appellee introduced in evidence Exhibits A and No. 1.

Exhibit A, dated October 3, 1930, is an affidavit by Raymond Legrand, managing director of the foreign manufacturer of the involved merchandise. It is stated therein that Legrand supervised the general business and formulated and directed the sales policy of his company; that all of the sales by his company were made under his supervision and direction; that the company's entire sales record was in his custody and under his control; and that he was personally familiar with all sales made for home consumption and for export. The affidavit also contains a transcript of records of sales made in France for home consumption during the period from July 1, 1927 to September 9, 1930, which was taken from the books of the foreign manufacturer. Sixty-six copies of invoices corresponding to the entries of sales were attached to the affidavit.

Appellee's Exhibit No. 1 is also an affidavit by Raymond Legrand, dated December 20, 1930. In that affidavit the affiant refers to his affidavit of October 3, 1930 (Exhibit A), and states that he is familiar with the markets in France of merchandise like that here involved; that Paris is the principal market for such merchandise in France; and that—

All of the sales enumerated on the said affidavit were made in the usual course of trade and the usual wholesale quantity of this merchandise in Paris and the

other markets of France is three or more flacons of seven and a half grammes each, or three each of any other packaged goods, or its equivalent, regardless of the size of the container. *In selling to my agent in the United States I have sold and invoiced, during the period of my exporting to that country, at the prevailing market prices in France for identical merchandise when sold in the ordinary course of business and in the usual wholesale quantities.* The prices at which the sales shown in my affidavit, sworn to on the 3rd day of October 1930, as attested by the copies of invoices attached thereto, were prices at which the merchandise covered thereby was freely offered to all purchasers in Paris or any other market in France, packed ready for delivery in that market. Furthermore, the prices shown in the affidavit of October 3rd, 1930, were inclusive of all charges, taxes, and exactions of every nature and subject to a discount of 2 per cent for cash. [Italics ours.]

Other evidence was introduced by the parties on the trial below, but due to the issue presented by these appeals we deem it unnecessary to set it forth here.

The trial court reviewed the evidence presented, and held that the appraised values of the merchandise, except as to certain items the values of which were held to be higher, were its proper dutiable values.

On appeal, the appellate division of the Customs Court reversed the judgment of the trial court, holding that the entered values in reappraisement 101453–A were the correct dutiable values of the merchandise involved in that appeal and that the dutiable values in the other 26 reappraisement appeals "are the entered values less any amount added by the importer on entry to meet advances made by the appraiser in similar cases then pending on appeal to reappraisement."

The sole issue presented to this court is whether the judgment of the appellate division of the Customs Court is supported by any substantial evidence.

It is contended here by counsel for the Government that only 9 sales listed in appellee's Exhibit A were made during the period when the involved merchandise was exported from France, and that the remaining 57 sales listed in that exhibit were made on dates too remote to constitute competent evidence of the foreign values of the involved merchandise.

As hereinbefore noted, some of the sales set forth in Exhibit A were made during the latter half of the year 1927 and during the year 1928. In view of the record in this case, we are in agreement with counsel for the Government that the sales made during that period of the items set forth in Exhibit A are too remote from the export period of corresponding items here involved to be competent evidence of the foreign values of the latter items. It appears from the quoted excerpt from Exhibit No. 1, however, that the foreign manufacturer "sold and invoiced" the involved merchandise "at the prevailing market prices in France for identical merchandise when sold in the

ordinary course of business and in the usual wholesale quantities," which prices included the 12 per centum luxury tax. Furthermore, each of the invoices here involved, except those in reappraisements 111034–A and 111071–A, contain the statement "All taxes included." We are of opinion, therefore, that the judgment of the appellate division of the Customs Court is supported by some substantial evidence. The judgment is *affirmed*.